

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-92,612 -01, -02, and -03

**EX PARTE RICARDO V GONZALEZ, Applicant**

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 19584A, 19582A, AND 23078A IN THE 356TH DISTRICT COURT FROM HARDIN COUNTY

*Per curiam.*

## O R D E R

Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. The State charged Applicant with aggravated assault (the -01) and possessing cocaine (the -02). Under plea agreements, Applicant pled guilty for deferred adjudication probation. During the probation period, the State charged Applicant with possessing with intent to deliver cocaine (the -03). Under a plea agreement, Applicant pled guilty to the new offense for an 18-year sentence. He pled true in his other cases to probation-revocation motions, which were based on the new offense, for 16 and 8 year sentences. Another pending case was also dismissed. Applicant appealed a pre-trial suppression issue in the new offense. The appellate court affirmed, and there was no PDR. *See Gonzalez v.*

*State*, Nos. 09-15-00257-CR, 09-15-00258, and 09-15-00259-CR (Tex. App.—Beaumont Feb. 15, 2017). These are the first habeas applications. They raise the same claims alleging ineffective assistance of counsel.

The trial court entered orders designating issues in each case and ordered trial counsel to provide an affidavit. Trial counsel has provided an affidavit. The habeas record, however, has no findings from the trial court that make credibility determinations or resolve the disputed factual issues. The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 26, 2021

Do not publish